United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

CEDRIC LYNN STRUGGS,
Plaintiff,
v.
MIKE EVANS, Warden, et al.,
Defendants.

No. C 10-1004 MMC (PR)

**ORDER OF DISMISSAL**

On March 9, 2010, plaintiff, a California prisoner incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id.

United States District Court
For the Northern District of California

§ 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B. Plaintiff's Claims

Plaintiff alleges that on February 18, 2009, following the completion of cell searches of the entire D7 housing unit at SVSP, plaintiff returned to his cell to discover that his radio and the strainer to his hot-pot were missing. Plaintiff filed administrative appeals claiming the items had been confiscated by correctional officers who failed to follow proper procedures for conducting cell searches and providing receipts for property removed from cells. Plaintiff's grievances were investigated and denied.

Plaintiff seeks $15,000.00 in damages for the confiscation of his property and the rejection of his administrative appeals.

Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978). Neither the negligent nor intentional deprivation of property states a due process claim under § 1983, however, if the deprivation was random and unauthorized. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (finding no claim under § 1983 where state employee negligently lost prisoner's property), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (finding no claim under § 1983 for intentional destruction of prisoner's property). The availability of an adequate state post-deprivation remedy, such as a state tort action, precludes relief, because such remedy provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990) (holding state statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process where state cannot foresee, and therefore provide meaningful hearing prior to,

deprivation of property); King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986) (same). California law provides an adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Here, plaintiff alleges that his personal property was confiscated without warning and in contravention of prison regulations. Allegations of such nature, i.e., allegations of essentially random and unauthorized deprivations of personal property, do not allege a violation of a federal constitutional right. Although such unauthorized deprivations of personal property may amount to state law violations, they do not constitute federal due process violations. Consequently, plaintiff's allegations regarding the confiscation of his personal property fail to state a claim for relief under § 1983. Plaintiff's allegation that appeals administrators wrongly denied his administrative appeals likewise fails to state a cognizable claim for relief, as a prisoner has no constitutional right to have his prison appeal processed or decided in a particular manner. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Accordingly, as plaintiff's claims are deficient as a matter of law, and leave to amend would be futile, the complaint will be dismissed with prejudice.

**CONCLUSION**

For the reasons stated above, the above-titled action is hereby DISMISSED with prejudice.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: June 15, 2010

MAXINE M. CHESNEY
United States District Judge